**FILED**

**February 2, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:15 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Nohemi Arciga | ) Docket No. 2015-02-0217 |
| | ) |
| v. | ) |
| | ) State File No. 6668-2015 |
| AtWork Personnel Services | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

---

**Affirmed and Remanded – February 2, 2016**

---

In this interlocutory appeal, the employee alleges that she injured her right shoulder while performing work activities. She received some authorized medical treatment, but the employer subsequently denied that the need for medical treatment was causally-related to the alleged shoulder injury and discontinued medical benefits. Following an expedited hearing, the trial court ordered the employer to reinstate medical benefits, but denied her claim for temporary disability benefits. The employee appealed, arguing that her unrefuted lay testimony was sufficient to support a finding of medical causation. We affirm the determination of the trial court and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Russell Veldman, Chuckey, Tennessee, for the employee-appellant, Nohemi Arciga

Mary Elizabeth Maddox, Knoxville, Tennessee, for the employer-appellee, AtWork Personnel Services

**Factual and Procedural Background**

Nohemi Arciga ("Employee") is a forty-six-year-old resident of Hamblen County, Tennessee. She was employed by AtWork Personnel Services ("Employer"), a temporary employment agency, and was assigned to work at a manufacturing facility in Hamblen County.[1] On January 19, 2015, she experienced pain and symptoms in her upper back and right shoulder while performing assembly work. She reported these symptoms to her employer and was referred to a chiropractor for evaluation and treatment.[2] She saw the chiropractor on three occasions between January 21, 2015 and January 26, 2015. On the latter date, he released her to return as needed and also released her to return to work. Employee was terminated on February 23, 2015 for "violating safety requirements."[3]

Following her termination, Employee sought treatment from her primary care physician and also demanded medical treatment from Employer. A panel of physicians was provided from which she selected Healthstar Physicians on or about August 10, 2015. However, Employee did not attend an appointment with the Healthstar physician until November 2, 2015. On that date, an unidentified Healthstar physician diagnosed muscle spasms in her shoulder and prescribed medication and physical therapy.

Employee filed a Petition for Benefit Determination on July 8, 2015, seeking additional medical benefits and temporary disability benefits. Following the issuance of a Dispute Certification Notice, Employee filed a Request for Expedited Hearing ("REH"). Although the REH sought a ruling without an evidentiary hearing, the trial court chose to conduct an evidentiary hearing in accordance with Tenn. Comp. R. &. Regs. 0800-02-21-.14(1)(c). Following the December 16, 2015 hearing, the trial court entered an order compelling Employer to provide additional medical benefits, but denying Employee's claim for temporary disability benefits. Employee timely appealed, asserting the trial court erred in failing to find that her shoulder injury was work-related.

**Standard of Review**

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a

---

[1] No transcript of the proceedings in the trial court or statement of the evidence has been provided in this appeal. Accordingly, we have gleaned the facts from the technical record, the trial court's expedited hearing order, and the exhibits introduced during the expedited hearing.

[2] The record is silent regarding whether Employee selected the chiropractor from a panel of physicians provided by Employer.

[3] Employee alleged a second work-related injury occurring on or about February 18, 2015, but the trial court declined to consider evidence related to that claim and neither party raised this decision as an issue on appeal.

2

presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

It is well-settled that an injured worker has the burden of proof on every essential element of his or her claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, at an expedited hearing at which pre-trial benefits are at issue, an employee need not prove every element of his or her claim by a preponderance of the evidence but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

Moreover, the appealing party has the burden to ensure that an adequate record is prepared on appeal. As explained in *Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451 (Tenn. Workers' Comp. Panel May 19, 2004):

The appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. We are provided with only the trial court's

findings of fact and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause . . . . We do not have a record of the lay testimony presented to the trial court. *In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.*

*Id.* at *6-7 (emphasis added) (citations omitted). Furthermore, there is a statutory presumption "that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). In accordance with these established principles, without a transcript or statement of the evidence, we presume that the trial court's rulings were supported by sufficient evidence.

Employee asserts that the trial court "erred when it found insufficient proof that the injury was work-related." With respect to the element of medical causation, an employee has the burden of proving, to a reasonable degree of medical certainty, that the work accident "contributed more than fifty percent (50%) in causing . . . the need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). In addition, the phrase "shown to a reasonable degree of medical certainty" is defined to require an "opinion of the physician" that it is "more likely than not, considering all causes." Tenn. Code Ann. § 50-6-102(14)(D) (2015).

In the present case, Employee has offered no expert medical evidence to support a finding of causation. Her lay testimony, while probative to the issue of causation, is insufficient in and of itself to satisfy her burden of proof by a preponderance of the evidence. Additionally, we have no record of Employee's testimony at the expedited hearing and have no means to consider her testimony beyond what was cited by the trial court in its order. Therefore, we find it was not error for the trial court to conclude that it "cannot make a determination on the causation of Ms. Arciga's injury." Nevertheless, an employee need not meet the ultimate burden of proof at an expedited hearing, but must come forward with sufficient proof that he or she is likely to prevail at a hearing on the merits. The trial court determined that Employee met that lesser burden and ordered additional medical benefits.

Finally, we note that the trial court found "the reasonable course at this time is to return [Employee] to Healthstar for a causation opinion of [Employee's] spasms." Although an injured worker may have a statutory right to medical benefits, assuming the applicable proof requirements are met, there is no right to a "causation opinion" as such. *See generally* Tenn. Code Ann. §§ 50-6-204, 239(d)(1); Tenn. Comp. R. & Regs. 0800-02-17-.15 (2014). If a court determines that medical benefits are appropriate, the court can order the initiation of such benefits, and the physician may be asked to address causation in the course of treatment. However, it is each party's responsibility to secure expert opinions or other evidence necessary to meet any applicable burden of proof.

4

## Conclusion

We conclude it was not error for the trial court to find that it was unable to determine the medical cause of Employee's shoulder condition. We therefore affirm the trial court's order and remand the case for further proceedings as necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

5



FILED

February 2, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:15 P.M.

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Nohemi Arciga | ) | Docket No. 2015-02-0217 |
| | ) | |
| v. | ) | |
| | ) | State File No. 6668-2015 |
| AtWork Personnel Services | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of February, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Russell Veldman | | | | | X | rveldman1@aol.com |
| Mary Beth Maddox | | | | | X | mmaddox@fmsllp.com |
| Brian K. Addington, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov